# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COMMITTEE ON THE JUDICIARY, UNITED STATES HOUSE OF REPRESENTATIVES, <br><br> 2138 Rayburn House Office Building <br> Washington, D.C. 20515, <br><br>    *Plaintiff*, <br><br> v. <br><br> MARK DALY, in his official capacity, U.S. Department of Justice, and <br><br> JACK MORGAN, in his official capacity, U.S. Department of Justice, <br><br> 950 Pennsylvania Avenue, N.W. <br> Washington, D.C. 20530, <br><br>    *Defendants*. | Case No. 1:24-cv-815 |

# Exhibit AA



**Robert N. Driscoll**
Attorney at Law

T (202) ███████  F (202) ███████
████@mcglinchey.com

McGlinchey Stafford PLLC
1275 Pennsylvania Avenue NW, Suite 420
Washington, DC 20004

October 24, 2023

**<u>By Email Only</u>**

The Honorable Jim Jordan
Chairman, Committee on the Judiciary
US House of Representatives
2138 Rayburn House Building
Washington, DC 20515
c/o Caroline Nabity, Chief Counsel (*via email at* ███████@mail.house.gov)
Betsy Ferguson, Deputy General Counsel (*via email at* ███████@mail.house.gov).

      RE:    Mark Daly

Dear Chairman Jordan,

This firm represents Mark Daly, a career attorney and long-time civil servant of the Department of Justice in the Tax Division and senior litigation counsel in the Office of Special Counsel headed by the US Attorney for the District of Delaware David C. Weiss. We are in possession of the subpoena directing Mr. Daly to appear before your committee for a transcribed interview currently scheduled for October 26, 2023. I have also held brief conversations with your staff, who were exceedingly gracious and professional regarding the subpoena and Mr. Daly's appearance.

As you are aware and as I have been informed, the Department of Justice—as Mr. Daly's employer—has asserted various equities in the matters the committee would like to discuss. Among other things, I have been informed that the Justice Department has raised constitutional objections to the subpoena in question relating to both the subpoena power of the committee and its ability to subpoena a DOJ line attorney regarding an active matter in light of statutory issues related to taxpayer privacy, grand jury secrecy issues under Fed.R.Crim.P. 6(e), and other things.

It is also clear to me from my conversations with congressional staff the that the committee asserts weighty constitutional interests of its own relating to its oversight responsibilities and the enforcement of its subpoenas.

The constitutional and statutory questions raised by the competing claims of the executive and legislative branches of government in instances like this are thorny, complex, and in many instances unresolved by the third branch of government—the courts. But these issues are not necessarily novel. In my career, I have been on both sides of these intra-branch disputes with respect to various clients. Both sides have good faith arguments and can find support for them in precedent, case law, or constitutional theory. The answers to the questions raised are often far from clear or certain.

**mcglinchey.com**

Albany  Baton Rouge  Birmingham  Boston  Cleveland  Dallas  Fort Lauderdale  Houston  Irvine
Jackson  Jacksonville  Nashville  New Orleans  New York City  Providence  Seattle  **Washington, DC**

The Honorable Jim Jordan
October 24, 2023
Page 2 of 2

What is clear to me, however, is that this dispute is not Mr. Daly's dispute. It is a dispute between the legislative and executive branches—specifically his employer and the committee—and it should be worked out between those two parties, which should both want to avoid forcing a long-time apolitical career tax lawyer into a Hobson's choice where he must choose to comply with either his employer or a congressional subpoena. I urge a negotiated resolution between the committee and DOJ regarding whether Mr. Daly is an appropriate witness at all, what the appropriate scope of questioning will be given the statutory restrictions on sharing taxpayer information and the ongoing nature of the investigation about which the committee seeks information, and who should be present at any questioning to protect the various interests asserted by the Justice Department. It is not up to Mr. Daly, nor me as his lawyer representing his personal interests, to resolve those issues or to weigh in with our independent analysis. I merely urge you to come to some type of accommodation with the Justice Department and to postpone Mr. Daly's scheduled testimony if necessary to do so to allow more time for negotiation.

For planning purposes, given that the committee has issued a subpoena, it is my current intention to appear with Mr. Daly on Thursday, as discussed with your staff. However, it is also my advice to Mr. Daly that, if the constitutional dispute between the legislative and executive branches of government is unresolved, his interests are best protected by following the instructions of the branch that employs him. Thus, we will follow whatever instructions are clearly given by the Justice Department, in writing, regarding any restrictions on his testimony, up to and including an instruction that he not appear, and I will instruct him not to answer questions as directed by the DOJ to preserve any bona fide disputes for future resolutions by the federal judiciary or otherwise. I will let you know promptly if I receive any such communication that directs Mr. Daly not to appear.

Thank you for your consideration.

Sincerely,

Robert N. Driscoll
*Counsel for Mark Daly*

cc: The Honorable Jerrold L. Nadler, Ranking Member
   c/o [redacted], Minority Staff (*via email at* [redacted]@mail.house.gov)

   Bradley Weinsheimer, Associate Deputy Attorney General, DOJ