IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COMMITTEE ON THE JUDICIARY, UNITED STATES HOUSE OF REPRESENTATIVES,<br><br>2138 Rayburn House Office Building<br>Washington, D.C. 20515,<br><br>        *Plaintiff*,<br><br>    v.<br><br>MARK DALY, in his official capacity, U.S. Department of Justice, and<br><br>JACK MORGAN, in his official capacity, U.S. Department of Justice,<br><br>950 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20530,<br><br>        *Defendants*. | Case No. 1:24-cv-815 |

# Exhibit BB



U.S. Department of Justice

Office of the Deputy Attorney General

*Bradley Weinsheimer*
Associate Deputy Attorney General

Washington, D.C. 20530

October 25, 2023

Mr. Robert Driscoll
McGlinchey Stafford
1275 Pennsylvania Avenue NW, Suite 420
Washington, D.C. 20004
Via Email

Dear Mr. Driscoll:

    I write concerning your client Mark Daly. I serve as the senior career official at the Department of Justice (Department). Consistent with this role, in which I have served since 2018, I possess and exercise delegated authority to provide current and former Department employees with direction concerning the disclosure and protection of Department information, including with respect to congressional requests for testimony. I write to you in that capacity.

    On September 14, 2023, the House Committee on the Judiciary (Committee) issued a deposition subpoena to your client for testimony regarding the work of the Department of Justice (Department) on an ongoing individual criminal investigation and prosecution led by Special Counsel David Weiss.[1] The Committee's correspondence, including the letter accompanying the subpoena to your client, states that it seeks testimony about meetings and conversations among investigators and prosecutors about the weight of evidence and charging decisions in this open matter. The Department offered voluntary appearances by three senior officials on appropriate topics as an alternative to the Committee pursuing such testimony from line-level attorneys, including your client. Although the Committee accepted the Department's offered alternative and these officials have appeared for interviews, the Committee has continued to pursue testimony from your client. Pursuant to the Rules of the House of Representatives, incorporated by reference in the Committee Rules transmitted with the subpoena, agency counsel is prohibited from attending the deposition.

    The Department has written to the Committee explaining that principles and policies for safeguarding the confidentiality of the Department's work further the public interest in the integrity of law enforcement investigations.[2] These principles and policies have been followed across administrations and are grounded in constitutional concerns. As discussed in that letter, excluding agency counsel in these circumstances undermines the Executive Branch's ability to

---

[1] Letter from Hon. Jim Jordan to Mark Daly (Sept. 14, 2023).
[2] Letter from Asst. Attorney General Carlos Uriarte to Hon. Jim Jordan (Oct. 25, 2023). The concerns expressed in this letter are incorporated here by reference.

1

protect its confidentiality interests in the course of the constitutionally mandated accommodation process.[3] In addition, the exclusion of agency counsel interferes with the Executive Branch's ability to protect potentially privileged information.[4] The underlying principles that inform the Department's position are longstanding across administrations. Here, the subpoena issued by the Committee prohibits the attendance of agency counsel at an appearance where the Committee has indicated it will ask questions regarding information Mr. Daly learned within the scope of his official duties, including potentially privileged information.[5] On the basis of a 2019 Office of Legal Counsel opinion, the Department has determined that the exclusion of agency counsel means that the subpoena lacks legal effect and cannot constitutionally be enforced.

Having carefully considered the relevant facts and authority, Department and Executive Branch precedents and longstanding principles, and the Department's determination that not appearing would be lawful because this subpoena lacks legal effect, I recommended to the Deputy Assistant Attorney General serving as the Head of the Tax Division and to the Attorney General that Mr. Daly be directed not to appear before the Committee pursuant to this subpoena. The Attorney General and the Head of the Tax Division approved my recommendation. Accordingly, the Department directs Mr. Daly not to appear before the Committee pursuant to the subpoena.

This directive is consistent with longstanding principles of the Justice Department regarding congressional requests for information, as well as the Department's respect for Congress's authority to conduct legitimate oversight of the Executive Branch and our mutual obligations under the constitutionally mandated accommodation process. Department witnesses are expected to abide by their obligations under the law and Department policy, including the Justice Manual, to refrain from disclosing information that has not been authorized for public release. This includes information about ongoing investigations and prosecutions, sensitive law enforcement information, and Executive Branch deliberative processes, such as those that underlie investigative and prosecutorial decisions. The presence of agency counsel during congressional interviews is essential to ensure, among other things, that Department witnesses fully understand and abide by their obligations and that the Department has the ability to raise objections or assert privileges or other Executive Branch confidentiality interests.

This directive is also consistent with our continuing commitment to good-faith negotiations with the Committee in response to its interest in this matter. The Department remains willing to discuss with the Committee appropriate requests for information and the circumstances under which the Department may be able to provide that information. Nothing in this directive shall be understood to waive or limit, on behalf of Mr. Daly or of the Department, any potentially applicable privileges, objections, or confidentiality interests regarding this or other congressional requests for information.

---

[3] *Attempted Exclusion of Agency Counsel from Congressional Depositions of Agency Employees*, 43 Op. O.L.C. __, at *2, *19 (May 23, 2019).

[4] *Id.* at *8 (quoting *Authority of Agency Officials to Prohibit Employees from Providing Information to Congress*, 28 Op. O.L.C. 79, 81 (2004)).

[5] *Id.* at *2.

2

Pursuant to 5 U.S.C § 2302(b)(13), the provisions of this letter are consistent with and do not supersede, conflict with, or otherwise alter the employee obligations, rights, or liabilities created by existing statute or Executive order relating to (1) classified information, (2) communications to Congress, (3) the reporting to an Inspector General or the Office of Special Counsel of a violation of any law, rule, or regulation, or mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety, or (4) any other whistleblower protection. The definitions, requirements, obligations, rights, sanctions, and liabilities created by controlling Executive orders and statutory provisions are controlling.

Sincerely,

Bradley Weinsheimer