**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

COMMITTEE ON THE JUDICIARY,
UNITED STATES HOUSE OF
REPRESENTATIVES,

2138 Rayburn House Office Building
Washington, D.C. 20515,

                    *Plaintiff*,

        v.

MARK DALY, in his official capacity,
U.S. Department of Justice, and

JACK MORGAN, in his official capacity,
U.S. Department of Justice,

950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530,

                    *Defendants*.

Case No. 1:24-cv-815

# Exhibit JJ



**Robert N. Driscoll**
Attorney at Law

T (202) ████ F (202) ████
████@mcglinchey.com

McGlinchey Stafford PLLC
1275 Pennsylvania Avenue NW, Suite 420
Washington, DC 20004

February 24, 2024

**<u>By Email Only</u>**

The Honorable Jim Jordan
Chairman, Committee on the Judiciary
US House of Representatives
2138 Rayburn House Building
Washington, DC 20515
c/o Stephen Castor, General Counsel (*via email at* ████@mail.house.gov)
Betsy Ferguson, Deputy General Counsel (*via email at* ████@mail.house.gov)
Kiley Bidelman, Republican Chief Clerk (*via email at* ████@mail.house.gov).

                    RE:      Mark Daly

Dear Chairman Jordan,

Thank you for your February 22 letter and subpoena directed to Mark Daly. This confirms their receipt and my acceptance of the subpoena on behalf of Mr. Daly. Thank you as well for thoroughly explaining the committee's rationale for seeking testimony from Mr. Daly.

As you know, Mr. Daly is an apolitical line career attorney in the Justice Department's Tax Division. As you may not know, Mr. Daly is also currently assigned to David Weiss's Special Counsel team that indicted Hunter Biden and is actively prosecuting that case in the U.S. District Court for the Central District of California.

Through counsel, Mr. Biden has moved to dismiss the indictment due to "selective" and "vindictive" prosecution theories based on an assertion that the prosecution is the product of political pressure placed on the Department by the Committee on the Judiciary of the House of Representatives. Thus, Mr. Daly is currently a career DOJ employee prosecuting a case that the defendant claims was brought because of political pressure from Republican elected officials, including members of the Judiciary Committee, while at the same time the Judiciary Committee seeks his testimony to investigate its theory that the pending case was unduly narrowed or delayed due to political pressure or influence from the current President or his Democratic political appointees.

Under the circumstances, I respectfully suggest that attempting to compel testimony from a line lawyer during a pending prosecution to elicit testimony about the facts and deliberations surrounding that very prosecution would set a dangerous precedent, as future congressional leaders and committees could subpoena prosecuting attorneys in any high-profile prosecution that is the subject of intense political debate. It is one thing to attempt to question the Attorney General or a Senate-confirmed political appointee with decision-making authority about a decision to prosecute or decline to prosecute a particular matter as part of congressional oversight. However, it is quite another to attempt to compel testimony from a line lawyer who is handling a case while that case is actively being litigated.

**mcglinchey.com**

The Honorable Jim Jordan
February 24, 2024
Page 2 of 3

While I have not attempted to create an exhaustive list of potential hazards of such an approach, one particular risk bears mention: Partisans on the committee (of either party) or their staff could attempt to create a record, or essentially take extrajudicial discovery outside the strictures of the Federal Rules of Criminal Procedure, which could weaken a criminal prosecution and possibly create appellate issues or defenses that might not otherwise exist—potentially undermining the government's case or the defendant's right to a fair trial. Of course, this concern is beyond clear issues related to Fed. R. Crim. P. 6(e), 26 U.S.C. § 6103, or applicable rules of professional conduct that will arise with any testimony of a line prosecutor in a criminal tax case.

Your letter acknowledges that the committee has already interviewed Acting Deputy Assistant Attorney General Goldberg, U.S. Attorney (and now Special Counsel) Weiss, and other Justice Department political appointees who had final decision-making authority in the Biden prosecution. And your letter acknowledges that the Department has not permitted these employees to answer questions related to certain charging decisions and deliberative processes regarding a pending prosecution. While I do not yet know what position the Department will take here, I fully expect the Department to take the same position with respect to Mr. Daly. Thus, the committee's investigative goals will not be advanced in the least should Mr. Daly be permitted to appear for testimony.  Rather, all that will be achieved is that a career lawyer in the Department who is in the midst of a high-profile prosecution will be caught in the cross-fire of a bitter interbranch constitutional dispute that he has no ability to resolve.

If the committee wishes to challenge the Department's position on the legal issues that arise when there is oversight of a pending prosecution (and to be clear, there are legitimate and valid interests to be protected by both the Executive and Legislative branches in a circumstance such as this), I suggest that can be accomplished via civil litigation to compel testimony of a senior DOJ official who has already, at the instruction of agency counsel, declined to answer specific questions the committee finds crucial. Subpoenaing a line lawyer and subjecting him to questioning about an active prosecution under threat of contempt of Congress, or future protracted federal litigation, creates unnecessary stress and potential collateral issues for a career line lawyer who asked for none of this. Moreover, we should all want Mr. Daly to be focusing on his current mission and pending case before him, not spending his time distracted by an interbranch constitutional dispute that is not his to resolve.

In light of the foregoing, I respectfully suggest that Mr. Daly is not the appropriate witness to serve as a vehicle to resolve the committee's dispute with DOJ over the validity of DOJ's legal positions.

I therefore request that the committee withdraw its subpoena and find another path to achieve its objectives. Should the subpoena remain outstanding, please know that the most likely outcome is that—as I did this fall with respect to a prior subpoena—I will counsel Mr. Daly to follow any instructions from his employer, the Department of Justice, with respect to whether to appear or whether to limit his testimony in any respect due to the pending prosecution. Until I receive any such instructions and evaluate them, I will plan on appearing with Mr. Daly on March 1

The Honorable Jim Jordan
February 24, 2024
Page 3 of 3

Thank you for your consideration.

Sincerely,

Robert N. Driscoll
*Counsel for Mark Daly*

cc:     The Honorable Jerrold L. Nadler, Ranking Member
        c/o ██████████, Minority Staff (*via email at* ████████@mail.house.gov)

        Bradley Weinsheimer, Associate Deputy Attorney General, DOJ