**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| COMMITTEE ON THE JUDICIARY, UNITED STATES HOUSE OF REPRESENTATIVES,<br><br>2138 Rayburn House Office Building<br>Washington, D.C. 20515,<br><br>    *Plaintiff*,<br><br>  v.<br><br>MARK DALY, in his official capacity, U.S. Department of Justice, and<br><br>JACK MORGAN, in his official capacity, U.S. Department of Justice,<br><br>950 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20530,<br><br>    *Defendants*. | Case No. 1:24-cv-815 |

# Exhibit LL



**U.S. Department of Justice**

Office of the Deputy Attorney General

---

*Bradley Weinsheimer*                                                                     *Washington, D.C. 20530*
Associate Deputy Attorney General

February 29, 2024

Ms. Catherine Duval
Zuckerman Spaeder LLP
1800 M Street NW, Suite 1000
Washington, D.C. 20036
Via Email

Dear Ms. Duval:

      I write concerning your client Jack Morgan. I serve as the senior career official at the Department of Justice (Department). Consistent with this role, in which I have served since 2018, I possess and exercise delegated authority to provide current and former Department employees with direction concerning the disclosure and protection of Department information, including with respect to congressional requests for testimony. I write to you in that capacity.

      I write regarding a deposition subpoena issued to your client by the House Committee on the Judiciary (Committee) on February 22, 2024.[1] As background, on September 14, 2023, the Committee issued a deposition subpoena to your client for testimony regarding the work of the Department on an ongoing individual criminal investigation and prosecution led by Special Counsel David Weiss.[2] On November 1, 2023, the Committee issued an additional deposition subpoena to your client with a return date of November 6, 2023.[3] The Committee's correspondence at that time, including the letters accompanying the subpoenas to your client, stated that the Committee sought testimony about meetings and conversations among investigators and prosecutors about the weight of evidence and charging decisions in an open matter. Pursuant to the Rules of the House of Representatives, incorporated by reference in the Committee Rules transmitted with the subpoenas, agency counsel was prohibited from attending the deposition. The Department offered voluntary appearances by three senior officials on appropriate topics as an alternative to the Committee pursuing such testimony from line-level attorneys, including your client. Although the Committee accepted the Department's offered alternative and these officials appeared for interviews last fall, the Committee continued to pursue testimony from your client via the November 1, 2023 subpoena.

      On November 2, 2023, I wrote to you to convey that the Department had determined, on the basis of a 2019 Office of Legal Counsel (OLC) opinion, that the exclusion of agency counsel

---

[1] Letter from Hon. Jim Jordan to Jack Morgan (Feb. 22, 2024).
[2] Letter from Hon. Jim Jordan to Jack Morgan (Sept. 14, 2023).
[3] Letter from Hon. Jim Jordan to Jack Morgan (Nov. 1, 2023).

1

meant that the subpoenas lacked legal effect and could not constitutionally be enforced. My letter explained that, having carefully considered the relevant facts and authority, Department and Executive Branch precedents and longstanding principles, and the Department's determination that not appearing would be lawful because this subpoena lacks legal effect, I recommended to the Deputy Assistant Attorney General serving as the Head of the Tax Division and to the Attorney General that Mr. Morgan be directed not to appear before the Committee pursuant to this subpoena.  The Attorney General and the Head of the Tax Division approved my recommendation.  Accordingly, my November 2, 2023 letter conveyed that the Department was directing Mr. Morgan not to appear before the Committee pursuant to the subpoena. Mr. Morgan complied with the Department's direction.

Several months passed before the Committee communicated again with the Department regarding any interest in seeking your client's testimony.[4] As noted, last week the Committee issued an additional deposition subpoena to your client seeking testimony on the same topics regarding the same criminal investigation and prosecution, which remains ongoing and in which there are currently multiple public indictments filed in multiple districts. Furthermore, as explained in correspondence from the Department to the Committee today, although the Committee has described this subpoena as part of an impeachment inquiry into whether President Biden "abuse[d] his power as President to impede, obstruct, or otherwise hinder investigations (including Congressional investigations) or the prosecution of Hunter Biden," the factual record the Committee developed in its own investigation demonstrated that this matter has been handled without improper interference; other information the Committee is requesting is not pertinent to the impeachment inquiry; and, in any event, the Committee has not explained how your client would have any relevant personal knowledge of such conduct by President Biden or the White House.[5] Pursuant to the Rules of the House of Representatives, incorporated by reference in the Committee Rules transmitted with this additional subpoena, agency counsel is prohibited from attending this deposition, as well.

As discussed in my letter of November 2, 2023, the Department has written to the Committee explaining that principles and policies for safeguarding the confidentiality of the Department's work further the public interest in the integrity of law enforcement investigations.[6] These principles and policies have been followed across administrations and are grounded in constitutional concerns.  As discussed in the Department's prior correspondence with the Committee, excluding agency counsel in these circumstances undermines the Executive Branch's ability to protect its confidentiality interests in the course of the constitutionally mandated accommodation process.[7]  In addition, the exclusion of agency counsel interferes with

---

[4] In the interim, on December 13, 2023, the House of Representatives passed a resolution purporting to authorize the Committee to seek civil enforcement of the November 1, 2023 subpoena to your client. As of the date of this letter, the Department is unaware of any action by the Committee or the House to pursue such an effort.
[5] Letter from Asst. Attorney General Carlos Uriarte to Hon. Jim Jordan (Feb. 29, 2024). A copy of this correspondence is enclosed.
[6] Letter from Asst. Attorney General Carlos Uriarte to Hon. Jim Jordan (Oct. 25, 2023).  The concerns expressed in this letter are incorporated here by reference.
[7] *Attempted Exclusion of Agency Counsel from Congressional Depositions of Agency Employees*, 43 Op. O.L.C. __, at *2, *19 (May 23, 2019).

the Executive Branch's ability to protect potentially privileged information.[8]  The underlying principles that inform the Department's position are longstanding across administrations.  Here, the subpoena issued by the Committee prohibits the attendance of agency counsel at an appearance where the Committee has indicated it will ask questions regarding information Mr. Morgan learned within the scope of his official duties, including potentially privileged information.[9]  On the basis of 2019 Office of Legal Counsel opinions, the Department has determined that the exclusion of agency counsel means that the subpoena is invalid and lacks legal effect.[10]  It therefore cannot constitutionally be enforced by civil or criminal means or through any inherent contempt power of Congress.[11]  Accordingly, the Department has determined that Mr. Morgan cannot be subject to criminal prosecution for declining to appear or to answer questions pursuant to this subpoena.[12]

Furthermore, having carefully considered the relevant facts and authority (including developments since November 2, 2023), Department and Executive Branch precedents and longstanding principles; and the Department's determination that not appearing would be lawful because this subpoena lacks legal effect, I recommended to the Deputy Assistant Attorney General serving as the Head of the Tax Division and to the Attorney General that Mr. Morgan be directed not to appear before the Committee pursuant to the February 22, 2024 subpoena.  The Attorney General and the Head of the Tax Division approved my recommendation.  Accordingly, the Department directs Mr. Morgan not to appear before the Committee pursuant to the subpoena.

This directive is consistent with longstanding principles of the Justice Department regarding congressional requests for information, as well as the Department's respect for Congress's authority to conduct legitimate oversight of the Executive Branch and our mutual obligations under the constitutionally mandated accommodation process.  Department witnesses are expected to abide by their obligations under the law and Department policy, including the Justice Manual, to refrain from disclosing information that has not been authorized for public release.  This includes information about ongoing investigations and prosecutions, sensitive law enforcement information, and Executive Branch deliberative processes, such as those that underlie investigative and prosecutorial decisions.  The presence of agency counsel during congressional interviews is essential to ensure, among other things, that Department witnesses fully understand and abide by their obligations and that the Department has the ability to raise objections or assert privileges or other Executive Branch confidentiality interests. Under the

---

[8] *Id.* at *8 (quoting *Authority of Agency Officials to Prohibit Employees from Providing Information to Congress*, 28 Op. O.L.C. 79, 81 (2004)).
[9] *Id.* at *2.
[10] *See Attempted Exclusion of Agency Counsel from Congressional Depositions of Agency Employees*, 43 Op. O.L.C. __, at *2, *19 (May 23, 2019); *Exclusion of Agency Counsel from Congressional Depositions in the Impeachment Context*, 43 Op. O.L.C. __ (Nov. 1, 2019).
[11] *See Attempted Exclusion of Agency Counsel from Congressional Depositions of Agency Employees*, 43 Op. O.L.C. __, at *14; *Exclusion of Agency Counsel from Congressional Depositions in the Impeachment Context*, 43 Op. O.L.C. __, at*4-*5.
[12] *See Attempted Exclusion of Agency Counsel from Congressional Depositions of Agency Employees*, 43 Op. O.L.C. __, at *14; *Exclusion of Agency Counsel from Congressional Depositions in the Impeachment Context*, 43 Op. O.L.C. __, at*4-*5.

circumstances here, such as the specific requests to your client for information learned within the scope of his official duties, including information that is potentially privileged, following the Department's directive not to appear would protect the confidentiality interests of the Executive Branch and the separation of powers.

     This directive is also consistent with our continuing commitment to good-faith negotiations with the Committee in response to its interest in this matter.  The Department remains willing to discuss with the Committee appropriate requests for information and the circumstances under which the Department may be able to provide that information.  Nothing in this directive shall be understood to waive or limit, on behalf of Mr. Morgan or of the Department, any potentially applicable privileges, objections, or confidentiality interests regarding this or other congressional requests for information.

     Pursuant to 5 U.S.C § 2302(b)(13), the provisions of this letter are consistent with and do not supersede, conflict with, or otherwise alter the employee obligations, rights, or liabilities created by existing statute or Executive order relating to (1) classified information, (2) communications to Congress, (3) the reporting to an Inspector General or the Office of Special Counsel of a violation of any law, rule, or regulation, or mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety, or (4) any other whistleblower protection.  The definitions, requirements, obligations, rights, sanctions, and liabilities created by controlling Executive orders and statutory provisions are controlling.

     Sincerely,

*Bradley Weinsheimer*
Bradley Weinsheimer