IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

COMMITTEE ON THE JUDICIARY,
UNITED STATES HOUSE OF
REPRESENTATIVES,

            *Plaintiff*,

   v.

MARK DALY, *et al.*,

            *Defendants*.

Case No. 1:24-cv-815-ACR

## DECLARATION OF ELIZABETH J. SHAPIRO

In accordance with the Court's Minute Order of August 12, 2024, I, Elizabeth J. Shapiro, hereby declare the following:

1. I am a Deputy Director in the Federal Programs Branch, Civil Division, United States Department of Justice. I am assigned to supervise the above-captioned litigation. Also assigned to the district court trial team are three additional attorneys from the Federal Programs Branch. When this case was filed, Special Litigation Counsel James Gilligan was also assigned to this matter and acted as lead trial counsel.

2. From the inception of the litigation, Mr. Gilligan and I were the attorneys who represented the Department in negotiations with counsel for the Judiciary Committee ("House counsel"). Mr. Gilligan, however, left the Department of Justice on June 28, 2024. Thereafter, I alone have handled communications with Plaintiff's counsel. At one meeting with House counsel, one of the other assigned attorneys attended in order to take contemporaneous notes. He did not otherwise participate in the negotiations.

3. The Court's order requires that I address five separate items of information with respect to the parties' negotiations. To reconstruct the information the Court seeks, I have relied primarily on a search of my electronic communications and calendar.

   a. **The dates when negotiations took place**: Communications with House counsel in furtherance of negotiations took place on April 10, 12, 15, 16, 19, 22, 23, 29; May 2, 7, 8, 9, 15, 21, 31; June 5, 7, 10, 12, 13, 14, 18, 20, 28; July 1, 17, 23, 24; August 2, 6, 8, 9, 12.

   b. **The locations where negotiations took place**: Negotiations took place once at the offices of House counsel, and once at the office of Department of Justice counsel. Otherwise, communications in furtherance of the negotiations occurred via email, letters, and telephone calls.

   c. **The participants in the negotiations**: From the Department of Justice, participants before June 28 were James Gilligan and me. At one, in-person meeting on June 20, at the Department of Justice, Senior Counsel Indraneel Sur joined in order to take contemporaneous notes. For the Committee, participants in the negotiations were General Counsel Matthew Berry, Deputy General Counsel Todd Tatelman, in person, and Associate General Counsel Bradley Craigmyle, via video conference.

   d. **The numbers of calls and emails in furtherance of the negotiations**: From a search of my electronic mailbox, I counted 61 emails and calls (55 emails, 6 calls) with House counsel.

   e. **The duration of any conversations**: On April 10, the parties met for four hours. There were three phone calls on April 19, all of relatively short duration

(under 30 minutes). Phone calls on May 9 and June 10 similarly lasted 30 minutes or less. An in-person meeting on June 20 lasted 60 minutes. A phone call on August 12 lasted less than 5 minutes.

4. The Court's minute order also required estimates of attorney hours required to litigate this case and any potential appeal, together with the cost of each category of attorney hours. For this calculation I have considered the time of each member of the trial team, as well as the appellate attorneys who are assigned to litigate any appeal. This task is necessarily speculative, but my best estimate of attorney time already spent, and anticipated attorney time if the case moved to briefing, is set forth below. With respect to attorney fees, Department of Justice attorneys are salaried employees. While there is a rough timekeeping system to track attorney time spent on cases, Department attorneys do not ordinarily "bill" their time at an hourly rate. Nevertheless, on the rare occasions when Department billing rates are requested, there is an administrative formula that calculates a rate based on the attorney's salary, annual work hours, hourly benefit rate, and standard overhead rate. Using this generic calculation, I expect that my time would be billed at $232.32 per hour. The calculations below are made using my billing rate, which is higher than most of the Department attorneys working on this case.

   a. **Approximate attorney hours spent to date**: 445 hours at a cost of $103,382.40.

   b. **Expected attorney hours to draft and finalize briefing in district court**: 169 hours at a cost of $39,262.

   c. **Expected attorney hours to prepare for and attend oral argument in district court**: 45 hours at a cost of $10,454.

   d. **Expected attorney hours to draft and finalize briefing on appeal:** 156 hours

at a cost of $36,241.

e. **Expected attorney hours to prepare for an attend oral argument on appeal**:

55 hours at a cost of $12,777.

I declare under penalty of perjury that the forgoing is true and correct.

Dated: September 16, 2024                     _____
                                              Elizabeth J. Shapiro